CLAUDE A. LANE, RESPONDENT, v. BLACKWOOD ESTATES, APPELLANT.

Submitted May 27, 1927—Decided October 17, 1927.

For the appellant, *Riggins & Davis.*

For the respondent, *Wilbert V. Pike* and *Ralph S. Croskey* (of the Pennsylvania bar).

The opinion of the court was delivered by

KAYS, J. This case was tried before Judge Donges and a jury at the Camden Circuit on February 8th, 1926. On or about March 10th, 1924, the plaintiff, Claude A. Lane, a real estate

broker, entered into a written contract with Blackwood Estates, the defendant, a corporation having its principal office in the county of Camden, New Jersey. The contract gave to the said Lane the sole right to sell on commission a large number of lots belonging to the defendant corporation, reserving only to the Blackwood Estates the right to sell to prospects other than those of Lane. The contract provided that the plaintiff should, for a period of two years from the date thereof, have the right to sell and to employ sub-agents to sell lots owned by the defendant in a certain tract of land at Blackwood, New Jersey. Paragraph fourteen of the contract provided that if by November 1st, 1924, the sales made by the plaintiff and his agents did not exceed one hundred and forty, the defendant might cancel the contract by thirty days' notice in writing to the plaintiff. The contract also provided that the plaintiff would give his exclusive time to the sale of said lots and handle the lots of the defendant, exclusively; that the plaintiff would not sell, or permit his agents to sell, said lots without first obtaining a license from the real estate board of this state. Plaintiff was to maintain an office in Philadelphia and pay all the expenses of it as well as the expenses of advertising, selling and transportation, for himself and his sub-agents.

When November 1st, 1924, arrived the number of lots sold through the agency of the plaintiff was considerably less than one hundred and forty, to wit, one hundred and ten. Notwithstanding this fact, the defendant for some reason did not see fit then to cancel the contract or give notice to the plaintiff of its intention to cancel the same. On the other hand, the defendant permitted the plaintiff to go on and make further sales thereunder until January 26th, 1925. The total number of sales made between November 1st, 1924, and January 26th, 1925, was twenty-seven. On January 26th, 1925, the defendant sent the following letter to the plaintiff, which was addressed to Mr. Claude A. Lane, dated January 26th, 1925:

"Owing to your failure to comply with the terms set forth in paragraph 14, of your agreement with Blackwood Estates dated March 10th, 1924, relative to the sale of lots in said

Blackwood Estates, you are hereby notified that Blackwood Estates hereby elects to cancel said contract, same to take effect February 26th, 1925."

Paragraph fourteen of the contract contained the provision above mentioned relative to the cancellation of the contract in case the plaintiff did not sell one hundred and forty lots by November 1st, 1924.

The plaintiff brought this suit to recover the loss sustained by him by reason of his being prevented from performing his contract up to the expiration of the two-year period mentioned in said contract, claiming that by the defendant's conduct in not canceling the agreement at the expiration of the time limited, the defendant had waived its right to do so. The defendant's claim at the trial was that no such waiver was to be presumed from its conduct in the matter. The trial of the case resulted in a verdict in favor of the plaintiff.

There were a number of objections raised to the admissions of evidence and the charge of the court, which raised, in effect, this same question, as to whether or not the defendant by its neglect to terminate the contract and by its acceptance of the proceeds of the sales made by the plaintiff had waived its right to terminate the contract on January 26th, 1925, and as to whether or not its right to terminate was a question of law or a jury question. In addition to this contention, the defendant claims that the trial judge did not leave to the jury the question as to whether or not there had been a breach of the contract in regard to the plaintiff giving his exclusive time to the sale of the lots and permitting his agents to sell lots when such agents did not hold a license from the real estate board of the State of New Jersey.

As to the last contention above mentioned, it is evident the judge did charge the jury in these particulars, and left it to the jury to decide whether or not this phase of the contract had been carried out by the plaintiff. In regard to this matter the judge said:

"The defendant says that not only did it not waive that provision, but that the plaintiff broke his contract in at least two other particulars, and they are questions of fact for you to determine, because, of course, each of these parties was bound to keep this contract."

The trial judge then points out the claims of each party as to whether or not the plaintiff did in fact devote himself exclusively to the sale of lots, whether or not the agents or salesmen, which were employed to sell the lots by the plaintiff, were licensed real estate brokers as provided in the contract. We are therefore of the opinion that there was no error in the charge in this respect.

The principal contention of the appellant is that the question of waiver of paragraph fourteen of the contract by the defendant was one of law to be determined by the court, and that the court should have decided that question in favor of the defendant. The trial court considered under the facts proved that the question of waiver was a jury question. The question was, whether the conduct of the defendant company was such as to indicate to its co-contractor that it, the defendant, did not intend to hold the plaintiff to that particular provision in the agreement, being paragraph fourteen of the agreement above referred to. If it was a fact that the defendant company did not intend to hold the plaintiff to that provision of the contract set out in paragraph fourteen thereof, then it must be taken as having waived the right to enforce that provision. In the case of *Schlegel* v. *Bott,* 93 *N. J. Eq.* 607, Chief Justice Gummere, in writing the opinion of this court, said:

"The rule is settled that whenever a party to a contract has consistently acted in such a way as to indicate to his co-contractor that he does not intend to hold the latter to a particular provision in the agreement, he is to be taken to have waived his right to enforce that provision. The whole agreement does not become absolutely void for failure of performance of a particular provision in it. It is merely voidable at the option of the party for whose benefit it has been inserted. If he desires to exercise that right and annul the contract, he must manifest his intention to do so by some act done or notice given within a reasonable time after the failure occurs; and, in the absence of such manifestation, he is to be presumed to have elected to consider the contract in force. *Grigg* v. *Landis,* 21 *N. J. Eq.* 494, and cases cited."

The question, therefore, whether the conduct of a, party does fairly indicate to his co-contractor an intention to waive his right to terminate a contract is one for the jury. We are therefore of the opinion that the trial judge properly charged the jury in respect to the questions raised by the appellant, and that he acted properly in submitting the case to the jury.

The judgment below will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.